**Charles T. JAMES, Plaintiff— Appellant,**

v.

**C–TRAN; et al., Defendants— Appellees.**

No. 03–35934.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 2005.

Decided May 3, 2005.

Peter Fels, Vancouver, WA, for Plaintiff–Appellant.

Otto G. Klein, III, Esq., Elizabeth R. Kennar, Summit Law Group, PLLC, for Defendants–Appellees.

Before: WALLACE, SILVERMAN, and PAEZ, Circuit Judges.

### MEMORANDUM *

Charles James appeals the district court's summary judgment in favor of C–TRAN and its executive director, Lynne Griffith, in James's race discrimination action. We have jurisdiction pursuant to 28 U.S.C. § 1291, review the district court's grant of summary judgment de novo, *Porter v. Cal. Dep't. of Corr.*, 383 F.3d 1018, 1024 (9th Cir.2004), and affirm.

James argues that the district court improperly granted summary judgment on his claim that C–TRAN terminated him in retaliation for reporting discrimination. To establish a prima facie case of retaliation, James must show that: (1) he engaged in a protected activity, (2) C–TRAN subjected him to an adverse employment action and (3) a causal link exists between the protected activity and the adverse action. *Hernandez v. Spacelabs Med. Inc.,* 343 F.3d 1107, 1113 (9th Cir.2003). The district court did not err in holding that James could not establish either that the performance improvement plan training was an adverse employment action or that James could not establish a causal link between his report of discrimination and termination.

Adverse employment actions include "actions that materially affect[ ] compensation, terms, conditions, or privileges" of employment. *Little v. Windermere Relocation, Inc.,* 301 F.3d 958, 970 (9th Cir. 2002) (quoting 42 U.S.C. § 2000e–2(a)(1)). Because the performance improvement plan was non-disciplinary training that did not materially impact James's compensation, terms, conditions, or privileges of employment, it was not an adverse employment action. In any event, James cannot establish a causal link between his report of discrimination and termination as the undisputed facts established that C–TRAN terminated James for insubordination.

James now argues that opposing the performance improvement plan, which was unlawful discrimination, was protected activity. However, he waived this argument by not making it in the district court. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1108 (9th Cir.2001).

James also argues that the district court improperly granted summary judgment on the hostile work environment claim. James alleged that both passengers and co-workers harassed James because of his race. An employer is liable for harassment by non-employees or co-employees only if it failed to take "immediate and/or corrective actions when it knew or should have known of the conduct." *Little,* 301 F.3d at 968 (quoting *Folkerson v. Circus Circus Enters., Inc.,* 107 F.3d

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

754, 756 (9th Cir.1997)); *Anderson v. Pac. Mar. Ass'n.*, 336 F.3d 924, 941–42 (9th Cir.2003). C–TRAN had a written anti-discrimination policy that applied to discrimination by bus passengers and co-workers. Consistent with the policy, C–TRAN immediately investigated and took corrective action, if possible, when James reported either passenger or co-worker discrimination. Because C–TRAN did not ratify or acquiesce in harassment by passengers or co-workers, the district court did not err in granting summary judgment on the hostile work environment claims.

AFFIRMED.